IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:99CR123**

**GREGORY MICHAEL GIVENS,**

Petitioner.

## MEMORANDUM OPINION

Gregory Michael Givens, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 62). The Government has filed a Motion to Dismiss, asserting that Givens's § 2255 Motion is barred by the statute of limitations. (ECF No. 67.) Givens has filed a Response. (ECF No. 68.) For the reasons set forth below, Givens's § 2255 Motion will be denied as meritless.

### I. PROCEDURAL HISTORY

On July 20, 1999, Givens pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), as charged in Count One of the Indictment against him; and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), as charged in Counts Two and Four of the Indictment against him. (*See* Pre-Sentence Investigation Report ("PSR") ¶ 13, ECF No. 61.) Prior to sentencing, a Probation Officer determined that Givens was a career offender, stating:

> The defendant qualifies for a sentence enhancement under the career offender provisions as defined in [United States Sentencing Guidelines] § 4B1.1. As a result of this enhancement, the defendant's offense level, after an adjustment for acceptance of responsibility, is 31 and his criminal history category is VI. The defendant was at least 18 years old at the time he committed the instant offense of conviction. The instant offense is Bank Robbery which is a felony and a crime of violence. The defendant has one prior felony conviction of a crime of violence (Robbery) and he has one prior felony conviction for a controlled substance

offense (Possession with Intent to Distribute Cocaine) which received separate
criminal history points.

(*Id.* ¶ 54.)

On September 9, 1999, the Court entered judgment and sentenced Givens to 188 months of incarceration for Count One, 60 months of incarceration for Count Two, to be served consecutively, and 240 months of incarceration for Count Four, to be served concurrently. (*See* ECF No. 39.) On September 21, 1999, the Court entered an Order amending the judgment to reflect that the 240 months imposed for Count Four would run consecutively to the other terms imposed. Givens did not appeal.

On May 11, 2016, Givens placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 12.)[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Givens contends that his convictions under 18 U.S.C. § 924(c) are unconstitutional pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (§ 2255 Mot. 4.) He states:

> I pled guilty to 2 counts [of §] 924(c) [and] received consecutive mandatory 60 and 240 months. I *also* was enhanced as a violent offender/career offender under [§] 4B1.1 increasing me to 188 months and level 31 [and] criminal history category VI based on the instant case plus claimed prior robbery [and] possession with intent. The sentence [and] facts were arbitrary [and] discriminatory [and] the sentencing and statues are vague.

(*Id.*) The Court construes Givens's § 2255 Motion to raise the following claims for relief:

Claim One: Givens's convictions under 18 U.S.C. § 924(c) are unconstitutional in light of *Johnson*.

Claim Two: Givens no longer qualifies as a career offender in light of *Johnson*.

---

[1] The Court uses the pagination assigned to Givens's submissions by the CM/ECF docketing system.

## II. ANALYSIS

As noted above, the Government asserts that Givens's § 2255 Motion should be dismissed because it is barred by the applicable statute of limitations. Givens's § 2255 Motion, however, is readily dismissed for lack of merit. Accordingly, in the interests of judicial efficiency, the Court declines to consider the Government's argument regarding timeliness.

In Claim One, Givens contends that, pursuant to *Johnson*, his convictions under 18 U.S.C. § 924(c)(1) are no longer constitutional. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268.

Here, however, Givens was never subject to a sentence enhancement under the ACCA. (*See* PSR ¶ 54.) Rather, Givens seeks to extend *Johnson* to invalidate his convictions under 18 U.S.C. § 924(c)(1)(A), which provides:

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). Under this section, a "crime of violence" is defined as any felony that

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

The Supreme Court has not yet determined whether its decision in *Johnson* invalidates § 924(c)(3)(B), the "residual clause" of this subsection. However, the Court need not decide that issue, as his convictions under 18 U.S.C. § 924(c)(1)(A) were predicated on charges of bank robbery. The United States Court of Appeals for the Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely constitutes a crime of violence under the force clause, § 924(c)(3)(A). *See United States v. McNeil*, 818 F.3d 141, 153 (4th Cir.), *cert. denied*, 134 S. Ct. 164 (2016). Accordingly, Claim One will be DISMISSED as meritless.

In Claim Two, Givens alleges that, under *Johnson*, he no longer qualifies for the career offender enhancement for purposes of United States Sentencing Guidelines § 4B1.2(a). Recently, however, the Supreme Court determined that its decision in *Johnson* does not extend to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 891–92 (2017). The *Beckles* Court stated:

4

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892. Accordingly, Givens cannot rely upon the *Johnson* decision to challenge his career offender enhancement.

Moreover, Givens cannot pursue a challenge to his career offender enhancement on collateral review. As the United States Court of Appeals for the Fourth Circuit has noted, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)), *cert. denied*, 135 S. Ct. 2850 (2015). A "career offender designation [is] not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 940. Instead, "it is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence . . . ." *Id.* at 941. To the extent that Givens argues that he is actually innocent of the career offender enhancement, "the Supreme Court [and the Fourth Circuit have] yet to stretch the concept [of sentencing enhancement innocence] to non-capital sentencing . . . ." *Id.*

Because the *Johnson* decision provides no relief to Givens, and because Givens cannot challenge his career offender enhancement on collateral review, Claim Two will be DISMISSED.

## III. CONCLUSION

For the foregoing reasons, Givens's § 2255 Motion (ECF No. 62) will be DENIED. The Government's Motion to Dismiss (ECF No. 67) will be DENIED AS MOOT. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/4/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge